USAO No. 2020R00897     AUSA:    Trevor Broad     Telephone: (313) 226-9100
AO 106 (Rev. 04/10) Application for a Search Warrant     Special Agent:    Kyle Sise     Telephone: (313) 202-3400

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| In the Matter of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>The search of the cellular device assigned call number<br>(313) 673-5261<br>(More fully described in Attachment A) | Case No. 20-50995-3 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property *(describe the property to be searched and give its location)*:

See ATTACHMENT A.

located in the    Eastern    District of    Michigan   , there is now concealed *(describe the property to be seized)*:

See ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in possession of a firearm |

See Affidavit. To ensure compliance with the Pen Register Statute, this Search Warrant Application sets forth requirements in 18 U.S.C. § 3122 and the Search Warrant acts as a Pen Register order under 18 U.S.C. § 3123. Accordingly, the undersigned attorney certifies: (i) he / she is an "attorney for the government," (ii) __ATF__ is the law enforcement agency conducting the investigation, and (iii) the information sought is likely to be relevant to an ongoing investigation of this agency.

☑ Continued on the attached sheet.
☑ Delayed notice __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Search Warrant Applicant's signature*
Kyle Sise, Special Agent (ATF)
*Agent's printed name and title*

*Pen Register Applicant's signature*
Trevor Broad, Assistant United States Attorney
*AUSA printed name and title*

Search warrant sworn to before me and signed in my presence and/or by reliable electronic means.

Date: October 23, 2020

*Judge's signature*

City and state: Detroit, Michigan     Hon. Elizabeth A. Stafford    U. S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR DEVICE ASSIGNED CALL NUMBER 313-673-5261 | Case No. 20-50995-3<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Kyle W. Sise, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ electronic investigative techniques, as described in the following attachment, to determine the location of the target cellular device assigned dialed number 313-673-5261, referred to in this affidavit as the "Target Cellular Device." The service provider for the Target Cellular Device is Sprint Communications. This affidavit is made in support of up to two different search warrants to locate the phone: 1) by obtaining information from the service provider, *e.g.*, cell site information and/or 2) by utilizing a device that acts as a cell phone tower sometimes referred to as a Cell Site Simulator. In addition, because this request may be

1

construed as a Pen Register/Trap and Trace device or request, the application for this warrant (which includes this affidavit) is intended to comply with 18 U.S.C. § 3122.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives and have experience in the investigation, apprehension and prosecution of individuals involved in federal criminal offenses, the use of cellular devices to commit those offenses and the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location.

3. I have been employed as a Special Agent with the ATF since 2016. As an ATF Special Agent, I have participated in numerous criminal investigations, including investigations involving firearms, armed drug tracking, and criminal street gangs. I am familiar with, and have experience using, a variety of investigative techniques and resources, including physical and electronic surveillance, undercover and various types of informants, and cooperating sources.

4. The facts in this affidavit come from my personal observations, training, experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. There is reason to believe that the Target Cellular Device is currently located in this district. As further detailed below, the Target Cellular Device is believed to be used by Rockim OLIVER(DOB: XX/XX/1992), who is believed to spend most of his time primarily in Detroit, Michigan, which is in the Eastern District of Michigan. I am investigating OLIVER for violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. In addition to the reasons provided below, the Target Cellular Device has an area code associated with Detroit, Michigan.

**Probable Cause**

6. On October 13, 2020, a federal arrest warrant was issued for OLIVER's arrest in connection with a federal criminal complaint that alleges that Oliver violated 18 U.S.C. § 922(g)(1), felon in possession of a firearm. OLIVER has not made his initial appearance on the criminal complaint and the arrest warrant remains outstanding. OLIVER is therefore a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7. Based on the facts set forth in this affidavit, there is probable cause to believe that OLIVER is using the Target Cellular Device. I know from training and experience that cellphone users normally have their cellphones with them. Thus, locating a user's cellphone will likely show that user's location. I believe that

3

locating the Target Cellular Device will lead to locating OLIVER and thereby executing the October 13, 2020 arrest warrant.

8. On October 22, 2020, around 1:00 a.m., OLIVER's brother, Venoy Oliver, was fatally shot in Detroit, Michigan and transported to Sinai Grace Hospital in Detroit, Michigan. Hospital personnel advised Detroit Police Officers on the Homicide Task Force that the individual who brought the victim to the hospital stated that he was the victim's brother and left right after dropping the victim off at the hospital.

9. A witness at the scene of the fatal shooting reported to Detroit Police Officers on the Homicide Task Force that the victim had been carried to a car and "Rock" drove off with the victim. Police also contacted a relative of OLIVER who confirmed that OLIVER had transported Venoy Oliver to Sinai Grace Hospital and provided the assigned call number for the Target Cellular Device, *i.e.*, 313-673-5261, as OLIVER's phone number.

10. In addition to locating OLIVER in order to execute the federal arrest warrant, probable cause exists to believe that OLIVER has knowledge about the fatal shooting of his brother, Venoy Oliver, and therefore locating OLIVER will lead to evidence of violations of federal firearms laws.

11. Information obtained from this search warrant will be used to attempt to locate OLIVER within the next 30 days.

## AUTHORIZATION REQUEST & MANNER OF EXECUTION

12. I request that the Court issue the proposed search warrant pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

13. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this application and the accompanying warrant are intended to comply with requirements set forth in 18 U.S.C. §§ 3122-3123.

14. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

15. In my training and experience, I have learned that Sprint Communications is a company with its headquarters located within the United States and provides cellular telephone access to the general public. I also know that

providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.

16. To facilitate execution of this warrant, law enforcement may use an investigative device or devices (sometimes referred to as a Cell Site Simulator or Wi-Fi geolocation device) capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects

like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

17. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law

enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

18. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the target cellular device would seriously jeopardize the ongoing investigation. Such disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is a reasonable necessity for the use of the techniques described. *See* 18 U.S.C. § 3103a(b)(2). As further specified in the attachment, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is a reasonable necessity for that seizure. *See* 18 U.S.C. § 3103a(b)(2).

19. I further request the following information from the service provider: all precision real-time location information, including E-911 Phase II data, GPS data, and latitude-longitude data, real time cell site information, and per call measurement data (PCMD, RTT, True Call, or equivalent); call detail records, including cell site location information for the past 30 days; subscriber information and extended subscriber information; handset information; and per call measurement data (PCMD, RTT, True Call, or equivalent) for the past 30 days.

20. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the target cellular device outside of daytime hours.

21. I further request that the Court order all documents in support of this application, including the affidavit and search warrant, be sealed until further order by the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation. I further request that the Court order any service provider, or their representatives, not to disclose the existence of this warrant or investigation unless ordered to do so by the Court.

22.     A search warrant may not be legally necessary to authorize all of the investigative techniques described. Nevertheless, I submit this warrant application out of an abundance of caution.

Respectfully submitted,

_____
Kyle W. Sise, Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Sword to before me and signed in my
presence and/or by reliable electronic means.

_____
ELIZABETH A. STAFFORD
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number 313-673-5261, whose wireless provider is Sprint Communications.

This Warrant also serves as a Pen Register order under 18 U.S.C. § 3123. The Court makes the following findings: OLIVER is the person to whom the pen register or trap and trace device is to be attached/applied and who is the subject of the criminal investigation; 313-673-5261 is the phone number to which the device is to be attached; and 18 U.S.C. § 922(g)(1) is the offense to which the information relates; and

The attorney for the government has certified to this Court that the information likely to be obtained by the installation and use of the pen register or trap and trace device is relevant to an ongoing criminal investigation by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

## ATTACHMENT B

### Particular Things to Be Seized
### from Cell Phone Service Provider

1.  Information about the target cell phone and its location, later referred to collectively as location information, include all precision location information, E-911 Phase II data, GPS data, latitude-longitude data, per call measurement data (PCMD, RTT, True Call, or equivalent), and real time cell site information for 30 days, beginning from the date the warrant was issued.  The information includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C. § 3123 by the service provider and the Bureau of Alcohol, Tobacco, Firearms and Explosives. Because the request for such location data may include use of a "pen register" or a "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the application and the warrant are designed to comply with the Pen Register Statute as well as Rule 41.  The application therefore includes all information required for and serves as a pen register application, 18 U.S.C. § 3123(a); similarly, the warrant therefore includes all the information required for and serves as a pen register order, 18 U.S.C. § 3123(b).

2. To the extent that the information described is within the possession, custody, or control of the service provider, the service provider is required to disclose all location information to the government.

3. All subscriber, extended subscriber, handset information (including make and model), and WI-FI MAC address, as well as all technical assistance necessary to accomplish the collection of the location information unobtrusively and with as little interference as possible. This includes initiating a signal to determine the location of the target cell phone on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times directed by the government.

4. Call detail records with cell site location information for voice, SMS, MMS, and data connections and per call measurement data (PCMD, RTT, True Call, or equivalent) reports for the past thirty (30) days. The government shall compensate the service provider for reasonable expenses incurred in furnishing such facilities or assistance. Any service provider or representative who gains access to the information in this warrant shall not disclose the existence of the warrant or investigation unless ordered to do so by the Court.

5. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the information described. *See* 18 U.S.C. § 3103a(b)(2).

USAO No. 2020R00897  AUSA: Trevor Broad  Telephone: (313) 226-9100
AO 93 (Rev. 11/13) Search and Seizure Warrant   Special Agent: Kyle Sise  Telephone: (313) 202-3400

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

In the Matter of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 20-50995-3
The search of the cellular device assigned call number )
(313) 673-5261 )
(More fully described in Attachment A) )

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __Eastern__ District of __Michigan__.
*(describe the property to be searched and give its location)*:

See ATTACHMENT A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the property described above, and that such search will reveal *(describe the property to be seized)*:

See ATTACHMENT B.

This Warrant, including its attachments, also serves as a Pen Register order under 18 U.S.C. § 3123. The Court makes the following findings: __Rockim OLIVER__ is the person to whom the pen register or trap and trace device is to be attached/applied and who is the subject of the criminal investigation; ( 313 ) 673 - 5261 is the phone number to which the device is to be attached; and __18__ U.S.C. § __922(g)(1)__ is the offense, or one of the offenses, to which information relates.

**YOU ARE COMMANDED** to execute this warrant on or before __November 6, 2020__ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __the presiding United States Magistrate Judge on duty__.
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for __30__ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __October 23, 2020  3:34 pm__        *Elizabeth A. Stafford*
                                                            *Judge's signature*

City and state: __Detroit, Michigan__        Hon. Elizabeth A. Stafford  U. S. Magistrate Judge
                                              *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>20-50995-3 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                                                                                     *Executing officer's signature*

                                                                                                     *Printed name and title*